﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190520-11098
DATE: November 27, 2019

ORDER

Entitlement to service connection for neuropathy is granted.

FINDING OF FACT

Resolving all reasonable doubt in the Veteran’s favor, his peripheral neuropathy is etiologically linked to his active duty service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for neuropathy have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service in the United States Army from June 1969 to February 1972. 

Entitlement to service connection for neuropathy

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). “To establish a right to compensation for a present disability, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service’-the so-called ‘nexus’ requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

Regarding service connection due to herbicide agent exposure, VA laws and regulations provide that if a veteran was exposed to certain herbicide agents during service, certain listed diseases are presumptively service-connected. 38 U.S.C. § 1116 (a)(1); 38 C.F.R. § 3.309(e). A veteran who served in the Republic of Vietnam between January 9, 1962, and May 7, 1975, is presumed to have been exposed to Agent Orange. 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). 38 C.F.R. § 3.309(e) lists the diseases covered by the regulation. The Secretary of VA has determined that there is no positive association between exposure to herbicide agents and any other condition for which the Secretary has not specifically determined that a presumption of service connection is warranted. See Notice, 59 Fed. Reg. 341-46 (1994); Notice, 61 Fed. Reg. 41, 442-49 (1996); Notice, 72 Fed. Reg. 32,395-32,407 (Jun. 12, 2007); Notice, 74 Fed. Reg. 21,258-21,260 (May 7, 2009); Notice, 75 Fed. Reg. 32540 (June 8, 2010).

When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The Veteran alleges that he has peripheral neuropathy related to his active duty service. The Board notes that the Veteran has been diagnosed with peripheral neuropathy of the bilateral upper and lower extremities. Therefore, the first element of service connection has been established. 

The Veteran’s service treatment records (STRs) are silent as to any complaints of or treatment for peripheral neuropathy. However, the Veteran’s service personnel records indicate service in the Republic of Vietnam from June 1971 to February 1972. Therefore, exposure to herbicide agents is presumed. 38 C.F.R. § 3.307 (1)(6)(iii). Early onset peripheral neuropathy is a condition covered by 38 C.F.R. § 3.309(e). Accordingly, the Board has considered whether service connection is warranted on a presumptive basis.

The has Veteran was afforded a VA examination for peripheral nerve conditions in November 2018. The examiner did not opine as to etiology; however, the Veteran reported that his symptoms did not begin until 2013. Thus, the condition did not manifest to a compensable degree within one year of the last date of exposure to herbicides, and service connection is not warranted on a presumptive basis. See 38 C.F.R. § 3.309(e). 

The Board has also considered whether service connection is warranted on a direct basis. In this regard, a current diagnosis has been established. As to an in-service incurrence, the evidence establishes the Veteran was exposed to herbicide agents during service. Thus, the remaining issue is a nexus. 

As to nexus, an addendum medical opinion was provided in February 2019. The VA examiner found that the Veteran’s neuropathy was more likely than not due to ethanol addiction. The examiner reasoned that no conclusive etiology was reported in the provided medical records, and the Veteran had a long history of alcohol abuse. Moreover, the examiner explained that the Veteran did not have diabetes mellitus, and his service-connected lumbar condition would not cause neuropathy of the upper extremities. The Board finds this opinion to be only somewhat probative as the examiner’s did not consider the Veteran’s exposure to herbicide agents in applying a process of elimination. Moreover, the examiner did not opine as to whether the Veteran’s peripheral neuropathy of the lower extremities could be related to his service-connected lumbar spine condition. 

The Veteran submitted a private nexus opinion in March 2019. The private physician’s assistant diagnosed the Veteran with peripheral neuropathy and opined that there was no diagnostic evidence to suggest an etiology other than herbicide exposure for the Veteran’s peripheral neuropathy. The Board finds this opinion to be of some probative value. However, the rationale reveals the PA was not fully apprised of the facts included in the Veteran’s medical record. To wit, the Veteran’s VA treatment records are replete with suggestions of ETOH neuropathy. 

Considering the above, the Board finds that service connection is warranted. The Veteran has been diagnosed with peripheral neuropathy and there is evidence of herbicide exposure during service. Notwithstanding the negative nexus opinion, of significance to the Board is that the VA examiner did not consider the Veteran’s exposure to herbicide agents in service. Further, the negative nexus opinion is contradicted by a positive nexus opinion of comparable probative weight. Accordingly, the Board finds the nexus evidence is in equipoise. Resolving this impasse in the Veteran’s favor, the Board finds service connection for peripheral neuropathy is warranted. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Sherman Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.